IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARLOS RIOJAS and CYNTHIA RIOJAS, a/k/a CYNTHIA COLLAZO, | § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:18-CV-1127-RP |
| NATIONWIDE GENERAL INSURANCE COMPANY; DHI MORTGAGE CO., LTD.; DHI MORTGAGE CO., GP; LEZAM & ASSOCIATES, LLC; and BRITTANY PRESENT; | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiffs Carlos and Cynthia Riojas's (the "Riojases") Motion to Remand, (Dkt. 5), along with a response filed by Defendant Nationwide General Insurance Company ("Nationwide") (Dkt. 7). Nationwide's response also asks the Court to dismiss the claims against Defendants DHI Mortgage Co., Ltd.; DHI Mortgage Co., GP (together, "DHI"); Lezam & Associates, LLC ("Lezam"); and Brittany Present ("Present") (altogether, including Nationwide, "Defendants"). (*Id.* at 8–9). After considering the parties' arguments, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

The Riojases filed this action against Defendants in the 98th Judicial District Court in Travis County, Texas, on August 22, 2018. (Orig. Pet., Dkt. 1-1, at 5). In the process of selling the Riojases a home loan in 2015, DHI (through its employee, Present), allegedly told the Riojases that DHI would secure homeowners' insurance for their home. (*Id.* at 7). Present then asked Lezam to obtain an insurance policy, and Lezam found one from Nationwide. (*Id.*). All of the defendants allegedly

1

represented to the Riojases that the policy provided "full" coverage for their home, including water damage. (*Id.*).

When a pipe burst in the Riojases' upstairs bathroom in October 2017, they reported the damage to Nationwide, which represented that the loss would be covered, told them to check into a hotel, and hired a remodeling company to repair to damage. (*Id.* at 7–8). After remodeling work had begun, Nationwide allegedly told the Riojases that the loss would not be covered. (*Id.* at 8). The Riojases then filed this action, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, fraud, the Texas Insurance Code, the Texas Deceptive Trade Practices Act, negligent misrepresentation, and negligent procurement. (*Id.* at 9–12).

On December 28, 2018, Nationwide removed this action to this Court. (Dkt. 1). The Riojases, Texas residents, are diverse from Nationwide, an Ohio resident. (*Id.* at 3). They are not diverse from DHI, Lezam, and Present, all of whom are also Texas residents. (*Id.*). But Nationwide says that all of the in-state defendants are improperly joined, both because the limitations period on the Riojases' claim expired before they filed suit, (*id.* at 6–7), and because insurers and their agents have no duty "to explain policy terms," (*id.* at 5). The Riojases now move to remand on the sole basis that Nationwide's removal was untimely. (Dkt. 5).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

2

However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the burden to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the doctrine's second prong is before the Court here. (Not. Removal, Dkt. 1, at 4–7).

Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use either analysis, but it must use one and only one). A Rule 12(b)(6)-type analysis is appropriate here.

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

3

## III. DISCUSSION

A notice of removal must be filed within 30 days after the defendant is formally served with a copy of the initial pleading setting forth the plaintiff's claim for relief. 28 U.S.C. § 1446(b)(1); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the defendant receives any paper from which "it may first be ascertained that the case is one which is or has become removable." 8 U.S.C. § 1446(b)(3). Unless the plaintiff waives this time limit or it should not apply for an equitable reason, "a defendant who does not timely assert the right to remove loses that right." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

The Riojases believe that Nationwide waived its right to remove because it waited more than 30 days from being served with the original petition to do so. (Mot. Remand, Dkt. 5, at 3–4). Nationwide responds that the case was not removable when the action was first filed because the limitations defense had not been pleaded by every in-state defendant until DHI and Present asserted it in their answer on December 20, 2018. (Resp. Mot. Remand, Dkt. 6, at 5).

The Court agrees that this case was not removable when it was first filed. The Riojases allege that each defendant (including DHI and Present) are liable for fraud and negligent misrepresentation because they falsely represented that Nationwide's homeowners' insurance policy covered water damage. (Orig. Pet., Dkt. 1-1, at 11–12). Nationwide concedes—and the Court agrees—that these allegations supply a reasonable basis to predict recovery against the nondiverse defendants. (Nationwide Supp. Br., Dkt. 10, at 5). According to Nationwide, these allegations of "specific policy misrepresentations" prevented it from knowing whether the case would be removable until the nondiverse defendants asserted a limitations defense against the Riojases' misrepresentation-based claims. (*Id.* at 8).

Nationwide is correct about that, as limitations is an affirmative defense that is waived if not pleaded. *Khoury v. Tomlinson*, 518 S.W.3d 568, 583 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Until a defendant asserts a limitations defense, there is a possibility that it will waive the defense. Had Nationwide removed before DHI or Present asserted a limitations defense in their answer, it could not have relied on that defense as a basis for improper joinder. Indeed, courts in this circuit have remanded actions when the diverse defendant based its improper-joinder argument on a limitations defense that the nondiverse defendant had not yet pleaded. *See Byers v. J.P. Morgan Chase Bank, N.A.*, 3:12-CV-770-O-BK, 2012 WL 5494927, at *3 (N.D. Tex. May 17, 2012), *report and recommendation adopted*, 3:12-CV-770-O, 2012 WL 5499924 (N.D. Tex. Nov. 13, 2012). Nationwide therefore had to wait to remove this action until DHI and Present asserted a limitations defense in their answer on December 20, 2018, because that answer was the first paper from which Nationwide could ascertain that this action had become removable. 8 U.S.C. § 1446(b)(3). Its removal eight days later was timely.

But timely removal alone does not supply this Court with jurisdiction, and although timeliness is the only basis for the Riojases jurisdictional challenge, (Mot. Remand, Dkt. 5), the Court is obligated to police its subject matter jurisdiction *sua sponte* if necessary. *Gasch*, 491 F.3d at 281. The Court must still determine whether the nondiverse defendants are improperly joined. (*See* Notice of Removal, Dkt. 1, at 3–4 (admitting that DHI, Lezam, and Present are not diverse from the Riojases but arguing that they are improperly joined)). Because Nationwide concedes—and the Court agrees—that the Riojases have alleged facts that provide a reasonable basis for the Court to predict that they might be able to recover against the in-state defendants, their only remaining basis for improper joinder is those defendants' limitations defenses. (*Id.* at 6–7). And that basis fails because the limitations period has not expired for every claim against DHI, Lezam, or Present.

5

The limitations period for a cause of action begins to run when the claim accrues, the date of which "is typically a question of law for the court to decide." *Mead v. Prop. Owners' Ass'n of Terilingua Ranch, Inc.*, 410 S.W.3d 434, 438 (Tex. App.—El Paso 2013, no pet.) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)). A claim accrues when "a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Sw. Energy Prod. Co. v. Berry–Helfand*, 491 S.W.3d 699, 721 (Tex. 2016). For fraud claims, the cause of action accrues when the plaintiff "knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Superior Laminate & Supply, Inc. v. Formica Corp.*, 93 S.W.3d 445, 447 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). The limitations period for common-law fraud in Texas is four years. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 203 (Tex. 2011) (citing Tex. Civ. Prac. & Rem. Code § 16.004)).

The Riojases assert a claim for fraud against DHI, Lezam, and Present based on their representation that Nationwide's homeowners' insurance policy provided "full" coverage, including water damage. (Orig. Pet., Dkt. 1-1, at 11). The Riojases do not allege when those defendants made that representation or when they received the policy. (*See id.* at 7). They do however, allege that they purchased the policy along with their home loan, which they acquired in 2015. (*Id.*). Even assuming every ambiguity in Nationwide's favor—if the Riojases' heard the defendants' representations about the policy on the first day of 2015 and reviewed the policy the very same day[1]— their claim would have accrued no earlier than January 1, 2015, and their limitations period would not expire until

---

[1] Fraud may not be apparent at the moment a misrepresentation is made. *See, e.g.*, *United Healthcare Services, Inc. v. First St. Hosp. LP*, 01-17-00237-CV, -- S.W. 3d. --, 2018 WL 6215960, at *10 (Tex. App.—Houston [1st Dist.] Nov. 29, 2018, pet. filed). However, some courts have held that an insured can discover the existence of a fraud-based injury upon reading the policy contract and discovering that the contract does not match the defendant's representations about it. *See Mauskar v. Hardgrove*, 14-02-00756-CV, 2003 WL 21403464, at *4 (Tex. App.—Houston [14th Dist.] June 19, 2003, no pet.).

January 1, 2019. At the very least, then, the Riojases timely filed their fraud claim against the in-state defendants. That claim is based on the in-state defendants' affirmative misrepresentations about the policy, (*id.* at 11), and Nationwide has conceded that those "affirmative misrepresentations are actionable and provide a reasonable basis to predict recovery" against the in-state defendants, (Nationwide Supp. Br., Dkt. 10, at 8).[2] Because the Court agrees with Nationwide that the Riojases have a possibility of recovering against one or more of the in-state defendants for fraud, it finds that those defendants were not improperly joined. Complete diversity is therefore lacking, depriving the Court of subject matter jurisdiction. This action must be remanded.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the Riojases' Motion to Remand, (Dkt. 5), is **GRANTED**. This action is **REMANDED** to the 98th Judicial District Court in Travis County, Texas.

**SIGNED** on April 16, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] Nationwide argues elsewhere that the Riojases failed to plead their fraud claim with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b), (Resp. Mot. Remand, Dkt. 6, at 6–8). The Court disagrees. Rule 9(b) requires a plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citation omitted). The Riojases have done so. They allege that DHI, Lezam, and Present all stated that Nationwide's homeowners' insurance policy covered water damage at the time the policy was selected. (Orig. Pet., Dkt. 1-1, at 7, 11). It is clear from their petition that they believe that statement to be fraudulent because Nationwide ultimately did not cover the water damage to their home. (*Id.* at 8). This is enough specificity to satisfy Rule 9(b).